IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | CRIMINAL NO. LKG-23-347 |
| RENARD RASHEED BROWN, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR BOND REVIEW**

The United States of America, by and through undersigned counsel, respectfully submits the following opposition to the Defendant, Renard Rasheed Brown's, Motion for Bond Review. ECF No. 56. Pre-Trial Services is also opposed to the Defendant's release.

I.  **Background**

On September 28, 2023, a Grand Jury in the District of Maryland charged Defendant with one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. The charged offense was committed on approximately March 6, 2023.

On October 18, 2023, an Initial Appearance and Arraignment on this charge was held before the Honorable Gina L. Simms, Magistrate Judge for the District of Maryland. ECF No 5. During these proceedings, the Defendant entered a plea of not guilty and requested a detention hearing. The Defendant was ordered temporarily detained and a Detention Hearing was scheduled for October 20, 2023. ECF No. 10.

On October 19, 2023, the Government filed a memorandum in support of the Defendant's detention as a danger to the community under the Bail Reform Act of 1984, codified at 18 U.S.C. §§ 3141-3156. ECF No. 12. In the memorandum and at the detention hearing on October 20,

2023, the Government argued that the weight of the 18 U.S.C. § 3142(g) factors demonstrate that the Defendant was a danger to the community and should be detained. In summary, the Defendant, a felon, had possessed a loaded firearm while so inebriated that, after crashing his vehicle into a gas station's retaining wall and being revived by law enforcement, the Defendant was incapable of comprehending that he had crashed.

Following the detention hearing on October 20, 2023, the Defendant was released on home detention under Pre-Trial Services' supervision with several additional release conditions including: (i) refraining from possessing a firearm; (ii) refraining from any alcohol use, (iii) participation in substance abuse treatment; (iv) maintaining active employment; and (v) no new arrests.

Following the Defendant's release, the Defendant purportedly abided by these conditions by participating in counseling sessions, reported to have full time employment as a delivery driver, furnished Pre-Trial Services with employment documents including pay stubs, and submitting to urinalysis that did not identify alcohol or controlled substances.

As discussed below, the Defendant violated several of the conditions of his release and on August 23, 2024, an arrest warrant was issued for the Defendant. ECF No. 43. On August 26, 2024, a Bail Review Hearing was held before the Honorable Magistrate Judge Simms and during the hearing, the Defendant consented to Detention in this matter. ECF Nos. 44 and 46.

## II.  August 22, 2024 Arrest

On August 22, 2024, Pre-Trial Services received an electronic notification that the Defendant had left his residence without prior authorization. Pre-Trial Services unsuccessfully attempted to contact the Defendant via telephone calls and text messages.[1]

---

[1] Earlier that day, Pre-Trial Services met with the Defendant in the Defendant's residence.

The following morning, a records check revealed to Pre-Trial Services that the Defendant had been arrested the night before and charged with Maryland State Assault in the 2nd Degree following a physical alteration with the Defendant's wife ("Victim"). A review of Prince Georges County Police Department ("PGPD") paperwork associated with the Defendant's arrest showed that PGPD officers had arrived at the Defendant's residence and interviewed the Victim, who informed the officers that the Defendant had choked the Victim during a domestic dispute. The PGPD officers noted that the Victim had a fresh mark on her neck that appeared consistent being choked and that the Defendant emanated a strong odor of alcohol. The Defendant was then placed under arrest without incident and taken into state custody.

On August 23, 2024, the Defendant had his initial appearance in Prince George's County District Court, D-05-CR-24-017285, and was released on bond.[2]

### III. Pretrial Interview of Victim and Recovery of Firearm

Also on the morning to August 23, 2024, Pre-Trial Services contacted the Victim, who informed Pre-Trial Services that the night before the Defendant had been heavily intoxicated and the two of them had a physical alteration during which the Defendant had choked the Victim. The Victim told Pre-Trial Services that the Victim had been particularly fearful because the Victim knew the Defendant had been storing a black handgun by the headboard of the Defendant's bed. The Victim then made a brief video showing this handgun and sent this video to Pre-Trial Services. The Victim further informed Pre-Trial Services that the Defendant had been drinking alcohol excessively while released on home detention and that the Defendant was not employed and had been submitting fraudulent pay stubs and employment records for his fictious delivery job.

---

[2] This case has since been closed.

Later that day, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosive ("ATF") met with the Victim at the Defendant's residence and the ATF agent recovered a black Sig Sauer Model P320 pistol bearing serial number 58B000927 (the "Sig Sauer"), loaded with 10 rounds of .40 caliber ammunition, from the Defendant's bedroom. While recovering the Sig Sauer, the ATF agent observed a damaged Porsche parked in the driveway of the Defendant's residence. The Victim informed the agent that the Defendant had been driving drunk and flipped the Porsche with a minor child in the vehicle.

IV. **Argument**

As the Government has previously argued, the weight of the 18 U.S.C. § 3142(g) factors demonstrate that the Defendant was a danger to the community based on the charged conduct in this matter. ECF No. 12. Since that time, the Defendant's conduct has shown that detention is the least restrictive condition of release to reasonably assure the safety of the community.

The Defendant has proven that the Defendant has a shocking lack of regard for the release conditions previously imposed on him. The Defendant's present motion for a bond review is based, in part, on the Defendant's desire to return to work. ECF No. 56 at Para. 9. The Court gave the Defendant this opportunity when the Defendant was released on home detention in October 2023, and instead Defendant perpetuated a long running fraud on Pre-Trial Services and the Court by pretending to be employed as a delivery driver, which also gave the Defendant a plausible excuse to come and go as the Defendant pleased. Despite the deliberate and long running nature this violation of his conditions of release, this was not the most dangerous of his actions. The Defendant, who is prohibited from possessing a firearm, possessed the Sig Sauer in express violation of his release conditions. The Defendant appears to have possessed the Sig Sauer in his residence while meeting with Pre-Trial Services in the residence in the hours before his arrest on

August 22, 2024. Also, the underlying conduct in this matter involved the dangerous combination of alcohol and firearms. Nearly a year later, the Defendant continued to drink in violation of his release conditions and in a manner that it appears to have been a contributing factor in his assault of the Victim and subsequent arrest.

Finally, Pretrial Services opposes the Defendant's release. The Government shares this position.

The weight of the 18 U.S.C. § 3142(g) factors demonstrate that the Defendant is a danger to the community and there are no conditions or combination of conditions of release to reasonably assure the safety of the community given the Defendant's prior conduct.. Therefore, the Government respectfully requests that the Defendant's motion to modify his conditions of release be denied.

                    Respectfully submitted,

                    Erek L. Barron
                    United States Attorney

By:   /s/
       Nicholas Potter
       Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system on January 14, 2024, which will send notification of such filing to all counsel of record.

                                                                           /s/_____

                                                                           Nicholas Potter
                                                                           Assistant United States Attorney